ANDINO, PETICIONARIA Y APELANTE, Y EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en un recurso de *habeas corpus.*

No. 1270.—Resuelto en junio 18, 1918.

HABEAS CORPUS—ESCRITO DE APELACIÓN.—Para que una sentencia quede apelada no basta que el sentenciado ''haya mostrado deseos de apelar,'' sino que es necesario presentar el escrito de apelación que la ley requiere. Para

que un sentenciado tenga derecho a estar en libertad bajo fianza (en los casos en que proceda) por efecto de apelación, es requisito indispensable que la sentencia haya sido debidamente apelada; y una petición en que sólo se hiciere la alegación antes aludida carece de mérito para que el tribunal entre a considerar si, por haber apelado la sentencia, tiene o no el peticionario derecho a estar en libertad mientras se tramite el recurso de apelación.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José de J. Tizol.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Estando presa Ana Andino cumpliendo sentencia de un año de cárcel por un delito menos grave, presentó a la Corte de Distrito de San Juan, Sección 2ª., una solicitud de *habeas corpus* alegando que no estando conforme con dicha sentencia mostró su deseo de establecer apelación para ante esta Corte Suprema a cuyo efecto solicitó que se le fijara fianza para estar en libertad mientras se tramitara la apelación, lo que le fué negado por la corte por lo que su prisión resulta ilegal y pidió que se expidiera el auto de *habeas corpus* y se le fijara la fianza por no ser el delito de que se le acusa de los que por la ley están privados de ese derecho. El auto fué expedido y habiendo sido luego desestimada la petición interpuso Ana Andino este recurso de apelación en el que no ha presentado alegato escrito ni oral.

Como no aparece de la solicitud ni de las diligencias que tenemos ante nosotros que la peticionaria apelara de la sentencia que se dictó contra ella y por la cual está en prisión, requisito que es necesario según los artículos 374 y 375 del Código de Enjuiciamiento Criminal para que un sentenciado pueda estar en libertad con fianza mientras se tramita su apelación, en los casos que proceda, pues la alegación de que mostró deseos de apelar no puede interpretarse en el sentido de que efectivamente presentó el escrito de apelación que la ley requiere para que la sentencia quedara apelada, no tiene méritos la petición para que podamos entrar a con-

siderar si por haber apelado la sentencia tiene o no derecho a estar en libertad.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.